## CIRCUIT COURT OF ARLINGTON COUNTY

Berger

v.

Simsarian

January 9, 1989

Case No. (Law) 88-1150

By JUDGE PAUL F. SHERIDAN

Plaintiff, pro se, filed this civil suit against Defendant in General District Court or money damages arising from allegedly "distorted testimony" by Defendant (a doctor) in a prior civil suit. In that prior civil suit, Plaintiff and his then counsel pursued money damages for personal injuries Plaintiff alleged to be the product of an automobile accident that had occurred August 17, 1986. After removing this case to Circuit Court, Defendant moved to dismiss it in open court on November 18, 1988. That motion was orally granted, and the Court continued this case for consideration of possible sanctions under Code of Virginia, Section 8.01-271.1.

On December 12, 1988, Plaintiff appeared along with attorney James Young. Counsel said he had no knowledge of the facts upon which Plaintiff intended to sue but told Plaintiff he had a right to sue, pro se. Thus, counsel not only did not sign the pleadings herein, but also never assisted in the collection, preparation, or evaluation of the facts or law that became the basis for Plaintiff's civil warrant allegations. Thus, counsel did not even indirectly "cause" the filed pleading.

That left the question of possible sanctions against the pro se Plaintiff. Plaintiff identified the facts at the December 12, 1988, hearing on which he based his plead-

ings, including excerpts from letters and medical opinions in the attached documents. Plaintiff and his then attorney reviewed a letter summarizing the medical opinion done by Defendant as a defense examining physician about a week before the jury trial of Plaintiff's personal injury case. In that letter, dated March 22, 1988, Defendant cited parts of Plaintiff's medical records, including items from the reports/records of Dr. James W. Turner. Plaintiff disagreed with Defendant's interpretations of the Turner materials and obtained in the week before trial an "affidavit" from Dr. Turner's office purporting to "clarify" earlier writings. But, Dr. Turner was not called at trial as a witness for Plaintiff. A fair reading of the total information and findings by Dr. Turner compels a conclusion that Dr. Turner's testimony would more likely have hurt Plaintiff's ability to persuade the jury on damages and proximate cause than it would have helped Plaintiff. Plaintiff, therefore, elected to use another medical expert, Dr. Albert G. Goldstein, to testify at the prior trial.

On Plaintiff's proffer on December 12, 1988, of the "facts" he relied on as the basis for filing this suit, he initially alleges that Defendant, during testimony as an expert witness in a jury trial, misconstrued and misinterpreted the nature, degree, and duration of Plaintiff's past symptoms and the weight of diagnostic opinions in Plaintiff's medical records. But, Plaintiff's disappointment at the outcome of his jury trial and his belief that the Defendant doctor's trial testimony misinterpreted the medical history does not create a cause of action for which Plaintiff can recover in Virginia.

While this suit lacks merit, the Court finds the assessment of fees or costs inappropriate because of Plaintiff's medical and/or psychological condition. Early dismissal of the case is "sanction" enough.